Walter Lee WALTON *v.* STATE of Arkansas

CA CR 94-971                                          905 S.W.2d 857

Court of Appeals of Arkansas
Division II
Opinion delivered September 13, 1995

*Maxie G. Kizer, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of battery in the first degree and sentenced to seven years in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in failing to give jury instruction AMCI 2d 705 on the use of deadly physical force in defense of a person and AMCI 2d 704 on use of physical force in defense of a person.

At trial, the appellant admitted that he had stabbed the victim, a correctional officer at the Tucker Maximum Security Unit. He testified, however, that he was defending himself. Other witnesses corroborated his version of the facts. At the close of the evidence, the appellant requested that the jury be instructed on the justification defenses on the basis that he was justified in defending himself from the unlawful actions of the correctional officers. The trial court refused on the finding that the testimony was insufficient to warrant the giving of these instructions.

The State asks that we affirm the appellant's conviction on

the ground that his abstract is deficient under Ark. Sup. Ct. R. 4-2(a)(6) because he did not abstract his proffered instructions. We note that the proposed instructions are included in the transcript. Rule 4-2(a)(6) requires that an appellant provide an abstract or abridgment of the record consisting of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, or other matters in the record as are necessary for an understanding of all questions presented to the Court for decision. Rule 4-2(b)(2) provides that if the Court finds the abstract to be flagrantly deficient, the judgment may be affirmed for noncompliance with the Rule, or if the Court considers that action to be unduly harsh, the Court may allow the appellant time to revise his brief, at his own expense, to conform to Rule 4-2(a)(6).

In the instant case, we have concluded that affirmance would be unduly harsh and therefore, we will allow the appellant to file a new brief which conforms to the abstracting requirements of Rule 4. This brief must be filed no later than thirty days from the date of this opinion. The State may then respond within thirty days of the date the appellant's brief is filed and the appellant's reply brief will be due fifteen days after the State's responsive brief is filed.

Remanded for rebriefing.

MAYFIELD and ROGERS, JJ., agree.